## ESTATE OF THOMAS CRONAN.

No. 5387—Nov. 30, 1874.

GIFT INTER VIVOS.—The delivery by decedent, of a deed for which the consideration price was receivable from the agent managing the sale, and of a paper, whereby it seems that decedent's wife as donee could claim the proceeds of the sale and actually did receive them after the donor's decease, constitute a gift *inter vivos*, although the deed may not have been actually effective or the money paid in the lifetime of donor.

Construing section, C. C., 1147.

*J. M. Burnett*, for the widow.

*J. P. Phelan*, for the son.

The widow, administratrix, having filed her account for settlement, the same is contested by a son of deceased by a former marriage, upon the ground that she has omitted to charge herself with an item of $1,000. The facts are as follows:

During the last illness of deceased, having occasion to use some money, deceased bargained the sale of a lot to one Carter for $1,000. The deed was signed before a witness, but when delivered, does not appear; on a Saturday, he said to his wife, in substance, "You will need some money; get the $1,000 from Carter, pay sickness and burial expenses, and keep the rest for yourself"; at the same time, he gave her a paper, but what that was, whether the deed or an order on Carter, or Carter's note, does not appear; Cronan and Carter are dead, and the woman can neither read nor write. The following day, Sunday, Cronan died. Monday morning about 10 or 11 o'clock, Mrs. Cronan went to Carter, gave him the paper and received the $1,000, and has paid the sickness and funeral expenses, leaving some $400 remaining to herself, which she claims to have been a gift.

The deed was recorded about 2 o'clock on that day, Monday, the acknowledgment having been proved by the witness the same day.

I think that the facts in the case justify me in finding that this money was a gift. It is true that she did not actually handle the money in the lifetime of her husband; but she did

receive from him a paper which authorized her to receive the money from Carter and upon which Carter paid the money to her. It was not the fact of receiving the money from Carter, but it was the delivery of the paper to her by her husband, which passed the ownership of the money. Let a decree be entered overruling the objections of the son, and settling the account of the administratrix.